## OHIO GAS & ELECTRIC CO v ARNOLD

Ohio Appeals, 1st Dist, Butler Co
No. 458.   Decided Nov 17, 1930

B. F. Harwitz, Middletown, and W. C. Shepherd, Hamilton, for Ohio Gas & Electric Co.

Vickery, Duffy & Vickery, Cleveland, and M. O. Burns, Hamilton, for Arnold.

ROSS, J.

Another ground of the motion was that plaintiff was shown to have been guilty of contributory negligence. The evidence does not warrant such a conclusion. The task assigned the plaintiff was not manifestly unreasonably and obviously dangerous, and would not have been inherently so if the Electric Company had continued to comply with the law and maintained insulated wires, which continued compliance the plaintiff had a right to believe existed. The plaintiff acted under the direction of an experienced foreman, in whom the plaintiff had also a right to place his confidence.

The motions were properly overruled.

A number of special charges were presented and refused by the court.

Special charge No. 1:

"If the jury find from the evidence that the pole standing on the corner of LaFayette Avenue and Elmwood Street in the Village of Medina was the property of The Ohio Gas & Electric Company, and it had not granted permission either by contract or compensation or mutuality of interest, but that The Telephone Company had without such permission attached its wires to the pole of the Electric Light Company and the Electric Light Company had tacitly or impliedly permitted such use, such permission amounts only to a license and such permission or consent does not imply or grant an invitation to use that pole either by the Telephone Company or its employes and if the jury find from the evidence that the employes of the Telephone Company used the pole of the Electric Light Company, without there having existed some contract, compensation or mutuality for the use of said pole, and because of such use of the pole, the plaintiff received the injury complained of—your verdict must be for the defendant."

This charge ignores the law of the case and does not state the law correctly in that it requires evidence of an agreement or contract for joint user.

Special charge No. 3:

"An electric light company is not required to anticipate that an employe of a telephone company, while in the course of his employment, will fasten guy wires, which are grounded from one pole to another for the purpose of using such contrivance for the purpose of making connections with telephone wires or parts thereof."

This charge assumes as a matter of law that the method adopted by the plaintiff's foreman was so unreasonable as not to be within the realm of contemplation. This position is untenable.

Special charge No. 4:

"If you find from the evidence that the method used by Harlin J. Arnold to assist, help or make the connection on the messenger wire belonging to the telephone company, that the manner employed was dangerous and unsafe, and that he thereby proximately contributed to the injury, then the plaintiff, Harlin J. Arnold, by adopting a hazardous method of doing the work, did so at his peril and there can be no recovery in this action, and your verdict should be for the defendant."

This charge is erroneous in many respects, principally in that it assumes that the alleged danger and lack of safety in the method used is the criterion of plaintiff's responsibility, while on the contrary, it is the fact that the danger is obvious and apparent, or that the plaintiff should have in the reasonable exercise of his faculties known it to be unsafe, that may subject him to a charge of having assumed the risk, or of having negligently contributed to his own injuries. The charge wholly ignores the element of negligence also placing responsibility on plaintiff—merely for

"proximate contribution."

Special charge No. 7:

"The Ohio Gas & Electric Company, the defendant in this action, is not responsible for any directions or orders given by a foreman of The Medina Telephone Company to the plaintiff, Harlin J. Arnold. And if the jury find from the evidence that the plaintiff Harlin J. Arnold was an employe of The Medina Telephone Co. and that his foreman gave to him certain directions to do the work described in the evidence and that the plaintiff, in doing that work either of his own accord, or by direction of the foreman of the Telephone Company, and the jury should further find that in doing this work the plaintiff, Harlin J. Arnold, put himself in a dangerous position, and because of such dangerous position, he thereby contributed in any degree to the injury which he sustained, and for which damages are being sought in this action, he cannot recover and your verdict must be for the defendant."

This charge also is predicated upon the same false criterion as special charge No. 4.

Special charge No. 8:

"If the jury find from the evidence that the plaintiff, Harlin Arnold, in any degree contributed to the injury of which he complains, he cannot recover and your verdict must be for the defendant."

This charge eliminates all necessary reference to responsibility for negligence on the part of plaintiff, the test being only contribution.

Special charge No. 9:

"Before the plaintiff, Harlan Arnold, can recover a verdict at your hands, he must prove to you by a preponderance of the evidence:

"First: That the defendant was negligent in one or more of the particulars set out in the petition.

"Second: That this negligence so found by the jury was the proximate cause of the injury.

"Third: That it was the negligence of the defendant alone that was the producing cause of the injuries of which he complains.

"Fourth: That the plaintiff did not contribute to this injury in any degree.

"If the jury find from a consideration of all the evidence, that offered by the plaintiff and that offered by the defendant, that the plaintiff has failed to prove each and all of the foregoing essential facts, by a preponderance of the evidence, your verdict must be for the defendant."

This charge again makes mere contribution a bar to recovery. The presence of any person injured by the grossest negligence of a defendant would be fatal to recovering if such charges stated the law—for such presence while not a negligent contribution to the injury would certainly contribute to an injury which could not have occurred without the presence of the plaintiff.

Special charge No. 10:

"The Ohio Gas & Electric Company is not responsible for any orders, or directions given by the foreman of The Telephone Company, if any such orders or directions were given. And if the plaintiff, by reason of such orders so given by the foreman of the Telephone Company, placed himself in a hazardous position, and by reason thereof, he contributed to the injury which the plaintiff sustained, your verdict must be for the defendant."

This charge is subject to the same criticism as the previous charges.

Special charge No. 11:

"The plaintiff is not absolved from due care, even if he obeyed the directions of the foreman, if such directions or orders if obeyed, would place the plaintiff in a position of danger and hazard, and if the plaintiff did put himself in a position of danger and hazard, because of such orders or directions, he cannot recover and your verdict must be for the defendant."

This charge likewise contains the objectionable elements before referred to.

Error is also assigned because the court refused certain requests for additional instructions in the general charge. These are as follows:

"1. On the question of contributory negligence by the plaintiff.

"2. What the law is if the plaintiff's evidence discloses contributory negligence as to his duty to remove the presumption.

"3. To charge the law relative to negligence by fellow servants of the plaintiff.

"4. To charge the law applicable to servants, or the plaintiff, obeying directions of a superior."

The court had fully charged upon contributory negligence. There was nothing in the record warranting the third and fourth requests. It has been noted, however, that the court in charging upon contributory negligence did fail to state the law covering plaintiff's right to rely upon instructions

from a capable superior in the absence of obvious peril. This omission was prejudicial not to the defendant, but to the plaintiff.

It is further urged that the court failed to state the issues. An examination of the court's instructions to the jury fails to sustain this contention. The issues were fairly presented. If any criticism is warranted, it is that the court placed a heavier burden upon the plaintiff than was justified by the issues and the evidence.

We find no error in the record, prejudicial to the plaintiff in error. Therefore, the judgment of the Court of Common Pleas of Butler County is affirmed.

CUSHING, PJ, and HAMILTON, J, concur.